UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DAYVON MARSON,**<br><br>Defendant. | Crim. Action No.: 1:26MJ41 |

### MR. MARSON'S OPPOSITION TO THE GOVERNMENT'S REQUEST FOR PRE-TRIAL DETENTION

Dayvon Marson, through counsel, respectfully opposes the government's request for pre-trial detention in this case and seeks his release on conditions the Court deems appropriate pursuant to the Bail Reform Act, 18 U.S.C. § 3142.

Mr. Marson is 30 years old. Born and raised in the Washington, D.C. metro area, he has been employed at the Safeway in the Hechinger Mall for the past two years. He is married to Kimberly Marson, who is employed by the U.S. Postal Service. Together, they care for three children. Ms. Marson is able and willing to serve as third-party custodian. Mr. Marson's record does not include any violent crimes. While he is on supervision for a DUI in the Superior Court, the Pre-Trial Services Report indicates that he has been compliant with conditions of supervision.

The charges in this case stem from a police encounter in which the government alleges Mr. Marson possessed a firearm in a vehicle. There are tailored conditions of release which will address any concerns raised by the circumstances of Mr. Marson's arrest, including that Mr. Marson not drive until he has completed alcohol treatment. Undersigned counsel has discussed this proposed condition with Mr. Marson. He indicated that he is able to take the bus to work or his wife could

drive him. Fair application of the Bail Reform Act under these circumstances demands release with conditions.

## ARGUMENT

**I.   Legal standard**

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §§ 3142(b), (c)(1)(B).

The Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*. at 1405.

The government bears the burden of demonstrating by clear and convincing evidence that preventative detention is necessary to ensure the safety of the community.

Under the Bail Reform Act, the Court must consider the following factors when determining whether the government has presented sufficient evidence that Mr. Marson be detained: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the person charged; and (4) the nature and seriousness of the danger posed by the person to any person in the community if he is released. 18 U.S.C. § 3142(g).

> **II.    The government cannot prove by clear and convincing evidence that detention is necessary.**

*i.    Nature and circumstances of the offense charged*

The government alleges that Mr. Marson possessed a firearm in a vehicle. There is no allegation that he used the firearm during the commission of any other offense or that he used the firearm in a violent manner. This factor does not tip the balance in favor of the government.

*ii.    The weight of the evidence*

This factor does not weigh in favor of detention. The firearm was allegedly recovered on the seat out of view. Mr. Marson did not acknowledge knowing about it on the scene. Even assuming *arguendo* that the government is able to show additional ties to the firearm, at least one district judge of this court has held that the weight of the evidence is the "least important factor and rarely favors the defendant at this stage." <u>United States v. Mario Mares</u>, 1:23-CR-252(ACR) (Memorandum Opinion at 5).

*ii.    Mr. Marson's history and characteristics*

Mr. Marson was born and raised in Washington, D.C., into a large family. His mother battled alcoholism so severely that she could not adequately care for her children, and at age ten, he and a sibling entered foster care. He was later adopted by the foster mother who provided the most stable adult presence he had ever experienced. Recently, both his biological mother and foster mother passed away. Since their deaths, Mr. Marson has struggled with substance abuse, including alcohol. He acknowledges that he would benefit from continued substance abuse treatment.

*iii.    The nature and seriousness of the danger posed by the person to any person in the community if he is released.*

The government cannot meet its heavy burden of proof by simply alleging that Mr. Marson is a dangerous person or pointing to the allegations against him. For pretrial detention to be

consistent with the Due Process Clause, the government must prove "by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community" and that pretrial detention is necessary to "disable the arrestee from executing that threat." *United States v. Munchel*, 991 F.3d 1273 at 1280 (D.C. Cir. 2021)(emphases in original) (quoting *Salerno,* 481 U.S. at 751). Here, pretrial detention is not necessary to "disable" Mr. Marson from carrying out an "identified and articulable threat" to either a specific person or the larger community. Strict and tailored conditions of release will address any concerns the Court may have that arise out his arrest.

### III. Judges have released defendants charged with similar, if not more serious, gun and drug offenses.

Recently, release has been upheld in the following similar cases:

Judge Walton upheld the release of a defendant with a prior gun possession from 2016. After a high-speed chase down 295, police allegedly recovered two guns and crack cocaine in the defendant's car. *United States v. William Hall*, 25CR334.[1]

Judge Moss recently upheld release in a case where the defendant allegedly possessed a loaded gun with 14 rounds in the chamber and had four prior convictions including possession of firearms and robbery. This defendant had a history of noncompliance with supervision. *United States v. Bryan Nelson*, 25CR97.

Judge Reyes upheld release in case where a loaded ghost gun with one round in the chamber was allegedly recovered during a search for marijuana. *United States v. Deandre Davis*, 25CR170.

---

[1] Judge Walton upheld the Magistrate Court's Release Order. Following noncompliance, Mr. Hall was ordered detained.

Judge Jackson upheld release in a case where the defendant was observed awkwardly holding his groin area where a gun was later recovered and attempted to flee from police when they approached. *United States v. Davon Sargent*, 24CR447.

Finally, this Court recently released Trevon Vines who had recently been released from custody when he was arrested with a submachine gun and fentanyl trafficking charges. Mr. Vines had a history of alleged noncompliance. *United States v. Trevon Vines*, 25MJ44. Mr. Vines remains detained on a parole detainer.

The above listed defendants were allegedly in possession of a firearm under similar or more culpable circumstances when they were arrested. These and other 922(g) cases known to this Court militate in favor of release with strict and tailored conditions.

**IV.    Sufficient conditions exist that will reasonably that will reasonably assure Mr. Marson's appearance as required and the safety of any other person and the community.**

Here, release drug testing and treatment and tailored conditions around Mr. Marson's ability to drive would mitigate any risk he poses. Additionally, Mr. Marson has proffered a third-party custodian, his wife, Kimberly Marson.

## CONCLUSION

Wherefore, for the foregoing reasons, the government has not met its burden of proving that there are no conditions or combination of conditions that will assure the safety of the community. Mr. Marson respectfully requests that the Court release him and impose whatever conditions the Court deems appropriate.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

5

_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500